**James E. SMITH et ux., Appellants,**

v.

**COVE AREA CITIZENS COMMITTEE et al., Appellees.**

No. 10870.

Court of Civil Appeals of Texas.

Austin.

April 12, 1961.

Rehearing Denied May 3, 1961.

Sexton & Owens, Orange, for appellants.

C. M. Bradford, Orange, for appellees.

ARCHER, Chief Justice.

Appellants James E. Smith and wife, Margaret Smith, made application for Retail Dealers Off-Premises License for sale of beer at 105 East New Jersey Street, Cove, Orange, Texas. Appellees Cove Area Citizens Committee, Cove Baptist Church, Cove Independent School District and First United Penecostal Church, or persons claiming to be representatives of such organizations, filed contest. The County Judge of Orange County denied the application and appellants appealed the decision to the 128 Judicial District Court of Orange County, and after hearing, the District Court affirmed the denial of the application, from which order of the court appellants made this appeal.

The appeal is based on two points of error, as follows:

"1. The District Court erred in refusing to consider the Findings of Fact and Conclusions of Law filed by the County Judge in the original hearing on Appellants' application.

"2. There was no evidence either before the County Court or the District

Court sufficient to sustain a denial of Appellants' application and such denial is arbitrary, discriminatory and without any reasonable basis."

There is no issue as to the sufficiency of the application, that the area is wet and the zoning is for commercial purposes, or that the applicants are not law abiding citizens. At a hearing on May 2, 1960, on the application the County Judge found that lawful reason exists to warrant denial thereof.

The County Judge made findings of facts to the effect that the applicants would not operate their business contrary to law and the contestants testified that the area is predominantly a residential section and that there has been no sale of beer in the area prior to this time, although there is retail sale of beer for off-premises consumption immediately without the boundaries of Cove. There was no testimony derogatory to the applicants, or the manner in which they would conduct their business, nor the condition of their building or equipment. The basis for the contest was that the contestants were opposing the sale of beer in any amount by any person, that the location for which the permit was sought is an area in which the sale of beer is legal and lawful.

The Court concluded that the place the applicants will conduct their business is of such nature that the general welfare of the community will not best be served by the granting of the application and denied the license. The applicants appealed the decision of the County Court to the District Court.

On trial in the 128th District Court on October 20, 1960 of the appeal from the denial of the permit, all parties appeared and evidence was heard, and a finding was made that the "said evidence being insufficient for the Court to determine that the decision, judgment and order of the County Judge denying said application was not based on substantial evidence, the Court was of the opinion that the law and facts were with the contestants and that the order of the County Judge denying said application should be affirmed and that the application should be denied."

It is from this judgment that this appeal is taken.

At the trial in the District Court the appellants herein testified as to their residence, location of place of business, and as to the application for a Beer Retailers Off-Premises License; and testified as to the truth of the answers in the application for the permit, of which there was no question.

Witnesses for the contestants testified in general that the granting of an Off-Premises Beer License would be injurious to the general morals of the community and as to the location of the enforcement officers, and that there is not adequate police protection now without the permit and that they opposed the sale of beer anywhere.

There was testimony one could buy beer and then go out into the streets and drink it. Some of the witnesses testified as to trading at stores that sold beer, one of the witnesses lived four or five miles from the Cove, but that his church was nearer.

There was a stipulation that 249 residents of the Cove Area and School District had signified that they are in favor of granting the permit to appellants and would so testify.

Article 667–6(d), 1A Vernon's Ann.P.C., is the statute providing for the procedures in applying for beer permits and contest thereto.

■ The denial of an application for Off-Premises Beer Permit must be supported by substantial evidence and the action of the County Judge in this case should have been set aside by the District Court. The County Judge cannot discriminate between parties upon an equal footing, but the denial of the permit must be supported by some factual basis to show an unusual condition in substance such as is

852

set out in the statute. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

When all of the evidence is taken into consideration and tested by the substantial evidence rule, we cannot but conclude that the action of the District Court in denying the permit was error. Jennings v. Texas Liquor Control Board, Tex.Civ.App., 300 S.W.2d 372; Killingsworth v. Broyles, Tex. Civ.App., 300 S.W.2d 164; Morton v. Plummer, Tex.Civ.App., 334 S.W.2d 322.

 We believe that since the appellants had met all of the requirements of the law and that the location was in an area, declared by the voters to be a wet area, and that the evidence in opposition to such permit was not sufficient to meet the statute, the District Court erred in upholding the order of the County Judge in denying the permit.

The judgment of the District Court is reversed and it is directed that the permit to the Smiths be issued.

Reversed and rendered.