AL CLIFFORD EWIN, SR.,

*v.*

A. H. RICHARDSON, Chairman, J. W. Jones, James E. Bates, James P. Celia and T. G. DeFord, constituting the membership of the Davidson County Beer Permit Board.

399 S.W.2d 318.

(*Nashville,* December Term, 1965.)

Opinion filed January 31, 1966.

E. C. Yokley, Nashville, for petitioner.

Robert B. Puryear, III, Nashville, for respondents.

See also 214 Tenn. 628, 382 S.W.2d 532.

MR. JUSTICE DYER delivered the opinion of the Court.

Al Clifford Ewin, Sr. (petitioner) filed his application with the Davidson County Beer Board to sell beer at retail. This Board, after a hearing, denied the permit. Petitioner, under T.C.A. 57-209, removed the cause to the Circuit Court of Davidson County where it was heard, de novo, on the evidence adduced before the Board. Petitioner appeals to this Court from the ruling of the Trial Judge as follows:

> * * * the Court is presented with the question of whether or not the issuance of the permit applied for would violate the provision of T.C.A. 57-205 that forbids sales which interfere with public health, safety and morals. The transcript of proceedings before the Beer Board reveals that the Magistrate and several residents of the community appeared before the Board in opposition to the permit. This opposition consisted of expressions of concern regarding the consequences of the sale of beer in this community. They took a firm position as to how beer sales would adversely affect the public health, safety and morals. Conditions that prevail in other such rural communities where beer is sold were related, and logical apprehensions about such conditions in this community were expressed, insofar as they would jeopardize the public health, safety and morals of this community * * * it is this Court's opinion from the facts and circumstances presented before it de novo that the sale of beer in this community by the applicant would "interfere with public health, safety and morals". (Trial Judge's memo)

The statute at issue here is Section 57-205, T.C.A., which was amended by Chapter 105 of the Public Acts of 1961. In regard to this section (as amended in 1961) in

*Cantrell v. DeKalb County Beer Board,* 213 Tenn. 568, 376 S.W.2d 480 (1964) this Court said:

> An applicant seeking a license or permit to sell beer in a county is required to establish, by proof, his application complies with certain conditions and provisions set out in Section 57-205, T.C.A. This statute now requires, if the conditions and provisions therein be met, a license or permit ''shall'' be issued: which leaves the judgment to be made on the issue of whether or not an applicant, under the proof, has met all the said conditions and provisions. 213 Tenn. 572, 376 S.W.2d 482.

Section 57-205, T.C.A. requires several conditions and provisions be met in order that one be entitled to a beer permit. It is not disputed petitioner meets all the conditions and provisions of this statute except the following provision:

> Third, that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals; * * *. T.C.A. 57-205

Four witnesses, all residents of the area where the permit would be located, gave their testimony protesting the granting of this permit. The gist of their testimony is as follows:

The first witness was W. C. Carver. This witness testified we (which it would be reasonable to assume included others in the area) do not need or want beer sold in this area. This witness testified to a recent experience when answering a wrecker call on the Lebanon Road. He was required, in answering this call, to go into a place selling

beer about 2:00 A.M. on a Sunday morning where he saw a man, partially drunk, drinking beer while his wife and six year old daughter waited in the car outside. This child came into this place, under these circumstances, at the direction of her mother to ask this man (her father) for some candy. This witness further testified about seeing an intelligent man on television warning the United States in regard to the sale of beer and whiskey.

The second witness was Richard Jenkins a Councilman representing the area where this permit would be located. This witness testified, since his constituents were opposed to the granting of this permit, he had no alternative but to oppose it.

The third witness was D. T. Wright. This witness testified he was a church member and the Church people were opposed to the permit being granted. He further said there was no need for such a place and if there were such a place people would go to it adding to the troubles of the community.

The fourth witness was a Mr. Johnson, Pastor of the Church of God in the area. This witness testified the sale of beer was not needed or wanted in the community and that its sale would be harmful to the community.

Upon the above testimony the Trial Judge found the granting of this permit would interfere with public health, safety and morals under T.C.A. 57-205.

The decision will turn on whether the evidence, digested above, is sufficient to support the finding of the Trial Judge that the sale of beer, at the location proposed, would "interfere with public health, safety and morals" as this phrase is used in T.C.A. 57-205.

The petitioner in his brief states his position as follows:

A clear reading of the transcript in this cause, which was the proof before the Circuit Judge below, indicated without a shadow of a doubt that the opposition before the Board was based on fears and apprehensions and a disagreement with the legislative policy of admitting the sale of beer under any circumstances. The protestants so stated. It is respectfully submitted that the learned trial judge erred in adopting the fears and apprehensions of those who testified before the board. He had not one scintalla of evidence of any specific manner in which the sale of beer would be contrary to public health, safety or morals, on which to ground his judgment. The transcript before the Beer Board, which was the testimony de novo before the trial judge, is barren of any proof that would sustain a conclusion that the sale of beer by the applicant would be contrary to the public health, safety or morals of the community involved. (petitioner's brief)

■ The defendant Beer Board takes the position they, and the trial judge upon proper appeal, have discretion in regard to issuing permits interfering with public health, safety and morals under the Third provision of T.C.A. 57-205. This position is correct but discretion will have to be exercised in good faith, without discrimination, upon evidence in the record. *Case v. Carney,* 213 Tenn. 597, 376 S.W.2d 492 (1964).

■■ The General Assembly of Tennessee, prescribing certain conditions, has seen fit to legalize the sale of beer, which is a power vested solely in the General Assembly. This statement applies to the case, *sub judice,* in the following manner. The courts are without authority to

determine if the sale of beer, in general, is harmful or immoral. This is a matter for the General Assembly. The courts do have authority to determine, from evidence in the record, if a particular permit would interfere with public health, safety and morals. The evidence would have to be directed to the issue of how or why the particular permit requested would interfere with public health, safety and morals. For example a court would have discretion in making a judgment where there is evidence, pro and con, that a requested beer permit at a particular location would cause an undue traffic hazard, or (2) the particular location was one where it was necessary for young children, in going to and from school, to pass in close proximity thereto. These examples are given to help in giving clarity to this matter and are not a judgment on the facts used in them.

The case of *Clark v. Liquor Control Board of Texas*, 357 S.W.2d 176 (Texas Civ. App. 1962) is similar to the case at bar. In the *Clark* case an applicant was denied a permit to sell beer at a location near a public school on the ground it "would be detrimental to the welfare, health, peace, temperance and safety of the school children of the area." A finding against the applicant, on the above ground, by the trial judge was supported by the testimony of two witnesses. The first witness was the Superintendent of Schools. He testified, as a matter of policy, the public school systems in general were opposed to the sale of beer in an area near a school and this opposition would also apply to advertisements on television not considered wholesome. The second witness was a parent with children in this school. This parent testified it would be harmful for children attending this school to observe the things and actions taking

place resulting from the sale of beer and further he thought there were already enough places selling beer. On cross-examination this parent said he was opposed to granting the permit since he felt there was something immoral about the purchase of beer. In regard to this testimony, upon the point at issue, the court said:

Does this testimony justify the refusal to issue the license sought? We think not. The question whether the sale and purchase of beer is an immoral act, as presented in this case, is a political one decided by the voters under the Local Option sections of the Liquor Control Act. 357 S.W.2d 176.

We are unable to find any evidence on the point of just how or why this particular beer permit would interfere with public health, safety and morals, except in a general way. It is apparent the protestants have a deep and sincere conviction the sale of beer is harmful and possibly immoral. They may well be right but the courts are without authority to give them relief. In *Case v. Carney,* supra we said:

The remedy of those who oppose the present statutes and municipal ordinances regulating the issuance of such licenses lies in the Legislature and in the legislative body of the municipality, * * *. 213 Tenn. 605, 376 S.W.2d 495.

This assignment of error, by the petitioner, is sustained.

■ The Beer Board has also appealed assigning errors to the interpretation placed by the Trial Judge on the following section of T.C.A. 57-205:

[T]he county court having the right to forbid such storage, sale or manufacture at *places* within two thousand (2,000) feet of *such places of public gatherings* in its discretion. (Emphasis supplied)

The petitioner had applied for this permit to sell beer in conjunction with a restaurant located on what is apparently a large lot. The question at issue is whether under the above statute the measurement shall begin at the property line of this lot or at the building wherein the restaurant is located. It is admitted the distance requirements are met if the measurement is made from the building. The Trial Judge said:

It would require a strain of the imagination to conclude that petitioner's restaurant business would or could be conducted anywhere except in the restaurant building. Wherefore, it must be concluded and it is so held that the ''place of sale'' is the building in which petitioner's restaurant business is conducted and this, according to the application is ''off Central Pike'', and not the point where the driveway intersects Central Pike, nor the gate at the far end of the driveway of petitioner's property.

We agree with the Trial Judge.

The County Court of Davidson County had adopted a resolution which, insofar as applicable to the case at bar, would require the measurement to be made from petitioner's property line rather than the building on this property. This would be in conflict with the above section of T.C.A. 57-205 and in effect is a regulation beyond the provisions of the statute. See *Wright v. State*, 171 Tenn. 628, 106 S.W.2d 866 (1937).

The assignments of error under appeal by the Beer Board are overruled.

The judgment of the Trial Judge, under the error assigned by petitioner, is reversed. The judgment of the Trial Judge, under errors assigned by the Beer Board, is affirmed.

The petitioner having complied with all the conditions and provisions of T.C.A. 57-205 the statutes require a beer permit, under his application, be issued to him. The cause is remanded for all necessary orders in conformity with this opinion.