Clarence **RODGERS**, Appellant,

v.

**TEXAS LIQUOR CONTROL BOARD et al.,**
Appellees.

No. 515.

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 8, 1970.

v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202 (1949); Morton v. Plummer, 334 S.W. 2d 322 (Tex.Civ.App., Austin, 1960, n. w. h.).

No question has been raised as to the sufficiency of appellant's application for a retail off-premises permit; nor as to appellant's qualifications or adequacy of his building. The application was accompanied by the separate certificates of the County Clerk and City Secretary collectively showing that the location was in a "wet" area and that the sale of alcoholic beverages there was not prohibited by resolution of the County Commissioner's Court nor by the City Charter or Ordinances nor limited by the Charter or Ordinances at such location.

■ Intervenor's testimony in opposition to granting a license to appellant was given by its Superintendent and one of its employees. Their testimony in substance was that in their opinions the granting of a license to appellant would be detrimental to the welfare and morals of the students of the High School. These opinions were on the basis that Stan's Drive-Inn was too near the school grounds and that problems might arise when the football stadium was being used for public events. The location of Stan's Drive-Inn was not shown to be within 300 feet of any church, public school or public hospital. See, Art. 666–25a, Vernon's Ann.P.C. Nor was sale of beer at said location prohibited by the City Ordinance of Weslaco which was offered in evidence. The evidence reflected that the distance from the nearest school building (a library) to Stan's Drive-Inn, was 758½ feet. It was also shown that the distance from Stan's Drive-Inn to the school bus depot was 196 feet and to the gate of the school stadium was 219 feet. However, the depot and stadium are not public schools within the meaning of the statute.

The Chief of Police of Weslaco testified in substance that in his opinion the granting of the license sought for appel-

lant's location would not be detrimental to the morals and safety of students at the high school; that a person could easily travel to an establishment selling beer, or even to Mexico which is some eight miles distance; that few, if any, complaints are received concerning establishments with beer retailers off-premises licenses; and that granting such license to appellant would not create a law enforcement problem.

The case of Clark v. Liquor Control Board, 357 S.W.2d 176 (Tex.Civ.App., Beaumont, 1962, n. w. h.) involved similar facts to those presented here. There the Court of Civil Appeals, in reversing the judgment of the district court which had affirmed denial of a license by the County Judge, held in part as follows:

"Does this testimony justify the refusal to issue the license sought? We think not. The question whether the sale and purchase of beer is an immoral act, as presented in this case, is a political one decided by the voters under the Local Option sections of the Liquor Control Act. This Act provides if the sale of beer is permitted within an area that, upon the adoption of the provision of Art. 666–25a, by the Commissioners' Court, or governing body of the city involved, no such sale may be conducted within 300 feet of a public school as defined in that Act. The Legislature has thus established the proscribed distance, and it is not within the province of the court to substitute its judgment therefor."

See also: Maple Lawn Baptist Church v. Lawrence, 442 S.W.2d 910 (Tex.Civ.App., Eastland, 1969, wr. ref. n. r. e.); Killingsworth v. Broyles, 300 S.W.2d 164 (Tex. Civ.App., Austin, 1957, n. w. h.).

■ We believe that the reasoning in *Clark* and the other cases cited support the holding that the order of the County Judge here, denying the license, was not reasonably supported by substantial evidence. Appellant's point one is sustained.

Appellant testified without contradiction that there were at least two other establishments in the immediate area of the school which sold beer either under an on-premises or off-premises license; that the American Legion Hall, which adjoins the school district property sells beer on premises and that Bud's Drive-Inn which is across the street from school district property sells beer to be carried out, apparently under an off-premises license.

It thus appears that appellant here had met all requirements of the law; that his location was in a "wet" area and not within the prohibited distance from a public school; and that other establishments in the immediate vicinity and similarly situated sold beer under either on-premises or off-premises licenses. A denial of an off-premises license to appellant under these conditions would be to discriminate between appellant and his competitors. See Smith v. Cove Area Citizens Committee, 345 S.W.2d 850 (Tex.Civ.App., Austin, 1961, wr. ref. n. r. e.); Morton v. Plummer, 334 S.W.2d 322 (Tex.Civ.App., Austin, 1960 n. w. h.); State v. Peeler, 200 S.W.2d 874 (Tex.Civ.App., Ft. Worth, 1947, n. w. h.). In Smith v. Cove Area Citizens Committee, supra, the Court held in part as follows:

"The denial of an application for Off-Premises Beer Permit must be supported by substantial evidence and the action of the County Judge in this case should have been set aside by the District Court. The County Judge cannot discriminate between parties upon an equal footing, but the denial of the permit must be supported by some factual basis to show an unusual condition in substance such as is set out in the statute. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198."

In State v. Peeler, supra, the Court held in part as follows:

"The county judge cannot discriminate between parties upon equal footing, even though the Act rightfully gives the county judge wide latitude and discretion in making his ruling, yet the order cannot discriminate against an applicant unless there is reasonable basis for it. In order to deny a license, there must be some factual basis to show an unusual condition, in substance such as set out in Section 19(b) of art. 667, Penal Code, as well as the failure of the applicant to meet any one of the requirements as set out in the Act."

Appellant's point two is sustained.

When all of the evidence herein is considered and tested by the substantial evidence rule we conclude that the district court should not have denied the license in question. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942); State v. Peeler, supra.

The judgment of the district court is reversed and judgment is here rendered that a beer-retailers off-premises license be issued to appellant.

Reversed and rendered.