**CITY OF MEMPHIS ALCOHOL COM-MISSION, Harlon J. Fields, and Fields, Inc. d/b/a The Smoke House, Appellants,**

**v.**

**RANDALL MEMORIAL FREE WILL BAPTIST CHURCH, INC., Appellee.**

Supreme Court of Tennessee.

May 9, 1977.

Roy Keathley, Charles T. Tuggle, Jr., Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, for appellants.

Joseph T. Kirkland, Jr., Memphis, for appellee.

## OPINION

COOPER, Chief Justice.

Harlon J. Fields and Fields, Incorporated, doing business as The Smoke House, filed a petition with the City of Memphis Alcohol Commission for a permit to sell beer for on-premises consumption. The commission, after a hearing, granted the permit. Randall Memorial Free Will Baptist Church, Inc., a protestant, filed a petition in the circuit court seeking to deny a beer permit to The Smoke House. On hearing evidence by oral testimony, and reviewing evidence heard by the Alcohol Commission, the trial judge concluded the sale of beer by The Smoke House would interfere with public health, safety, and morals, and denied the beer permit. On appeal to this court, appellants insist the evidence preponderates against the trial judge's finding, and that the trial judge was in error in concluding that the fact that beer is sold at a restaurant directly across the street from the church property and The Smoke House was not a relevant factor.

As to the latter insistence, we find that the trial judge did not hold that the sale of beer at a restaurant across from church property was not relevant to a decision in this case. He stated, and we think correctly, that it was not the "determinative factor; the determinative issue is simply whether or not the sale of beer at The Smoke House interferes with public health, safety, and morals because of interference with Randall Memorial Free Will Baptist Church and Randall Christian Academy."

The ordinance controlling the issuance of a permit to sell beer in the City of Memphis is not set out in its entirety in the narrative bill of exceptions. However, we understand from the briefs of the parties and argument before this court that there is no specific prohibition against locating an outlet for the sale of beer near a school or church, though the City had the right to so limit the location of outlets for the sale of beer. See T.C.A. § 57–205 and Howard v. Willocks, 525 S.W.2d 132 (Tenn.1975). The part of Section 5–86 of the Code of Ordinances of the City of Memphis, which is set forth in the bill of exceptions, provides the general limitation that:

"No license shall be issued to sell any beverage coming within the provisions of this article:

\*　　\*　　\*　　\*　　\*　　\*

(3) Where such sale will cause congestion of traffic or interference with schools, churches or other places of public gathering, or otherwie [otherwise] interfere with public health, safety and morals, and the judgment of the alcohol commission on such matters shall be final, except as same is subject to review at law."

■ The issuance or denial of a beer permit by the Memphis Alcohol Commission is reviewable by circuit judge or chancellor under the statutory writ of certiorari with a trial *de novo*. See *Richards v. Lewisburg Alcoholic Beverage Commission,* 543 S.W.2d 852 (Tenn.1977); T.C.A. § 57–209. See also *Cantrell v. DeKalb Co. Beer Board,* 213 Tenn. 568, 376 S.W.2d 480 (1964), wherein this court held "[a] 'trial de novo' as used in § 57–209 means the cause is tried as if it originated in the circuit or chancery court," and

"[t]he trial judge is required to make an independent judgment on the merits, which, . . . results in the trial judge substituting his judgment for that of the beer board; . . .."

■ On an appeal to this court, the action of the trial judge in granting or denying an application for a beer permit is presumed to be correct, and the judgment of the trial judge will not be reversed unless the evidence preponderates against the judgment. *Coffman v. Hammer,* 548 S.W.2d 310 (Tenn.1977).

In this case the trial judge's opinion, contained a comprehensive finding of facts. The material facts set forth in the memorandum, and which are in accord with the evidence, are as follows:

"1. That The Smoke House is located immediately adjacent to and abuts the property of Randall Memorial Free Will Baptist Church; The Smoke House being located at 2860 S. Perkins and Randall Memorial Free Will Baptist Church being located at 2898 S. Perkings.

"2. That Randall Memorial Free Will Baptist Church conducts services and activities during the day and evenings throughout the week, including but not limited to services on Wednesday and Sunday; that children of tender years are present and will be present at these services and activities.

"3. That Randall Memorial Free Will Baptist Church, Inc., conducts a school in their facilities known as Randall Christian Academy; that said school is for children from kindergarten through grade twelve.

"4. That it is necessary for young children, in going to and from school, to pass in close proximity to The Smoke House.

"5. That it is necessary for young children, in going to and from church activities, to pass in close proximity to The Smoke House.

&ast; &ast; &ast; &ast; &ast; &ast;

"7. That Randall Memorial Free Will Baptist Church has been located at 2898 S. Perkins since approximately 1968 and has no present intention to relocate.

. . .

&ast; &ast; &ast; &ast; &ast; &ast;

"10. That no factual testimony was offered as to the increase of traffic due to the proposed sale of beer at The Smoke House; witnesses for the petitioner were of the opinion that traffic would increase due to the sale of beer; Harlon J. Fields was of the opinion that he would be at a disadvantage because a restaurant across Perkins [which is at least a six lane street] presently sells beer and that The Smoke House needed to sell beer to be competitive to Danvers, the restaurant across Perkins.

"11. That Harlon J. Fields has never had a beer permit revoked and is a man with an excellent reputation in the restaurant business.

"12. That Harlon J. Fields proposes to build a fence between The Smoke House and Randall Memorial Free Will Baptist Church and Randall Christian Academy."

From these facts, the trial judge concluded that:

"The sale of beer at The Smoke House would interfere with public health, safety and morals in that the sale of beer at The Smoke House would interfere with Ran-

dall Memorial Free Will Baptist Church and Randall Christian Academy *in that the particular location is one where it is necessary for young children, in going to and from school and church, to pass in close proximity to the premises where beer would be sold* (*Ewin v. Richardson*, 217 Tennessee 534, 399 S.W.2d 218)." (Emphasis supplied.)

In these facts, we see no basis to justify the conclusion reached by the trial judge, or the concomitant denial of a beer permit to appellant. It is true that in ordering a beer permit be issued in the *Ewin* case, the court gave examples of factual situations where the sale of beer could constitute interference with public health, safety, and morals. One of the examples given was the sale of beer at a location "where it was necessary for young children, in going to and from school, to pass in close proximity thereto." However, the court emphasized that the examples were "not a judgment on the facts used in the [examples]," thus leaving the determination of whether the sale of beer at a particular location would interfere with public health, safety, and morals to be made from facts developed on trial of each case. We approve of this action for we are not ready to deny a beer permit in every instance where children walk on the public sidewalk in close proximity to a proposed outlet for the sale of beer. We think it apparent that there can be a different impact upon public health, safety, and morals from the sale of beer at a tavern, where alcoholic beverages are the principal commodity sold, and the sale of beer at a family-style restaurant, where food is the principal commodity and beer is sold only to complement the food, and the sale of beer at the neighborhood grocery store where small children delight to go.

The evidence shows The Smoke House is a family-style restaurant, where food is the principal commodity sold and beer is sold as a complement to the food. Past business history of the appellants demonstrates that the operation of the restaurant, with concomitant sale of beer, will be in compliance with regulations prescribed for the operation of a business where beer is sold. Pictures in the record demonstrate that the building housing The Smoke House is located a considerable distance from the public sidewalk, and even further from the closest building of appellees. A fence is to be built separating The Smoke House property from the church property, so that the restaurant operation cannot be viewed by a person on the church property. Of course, there is no way that the view of the restaurant by a person on the sidewalk can be blocked, but we see no greater vice from this than we do from the view the children have of the restaurant across the street from the church property, where beer is sold.

From our review of the evidence, we find no basis to justify a conclusion that the sale of beer at The Smoke House would interfere with public health, safety, and morals, nor the action of the trial judge in denying appellants a permit to sell beer.

The judgment of the trial court is reversed. The cause is remanded to the Circuit Court of Shelby County for the entry of an order directing the City of Memphis Alcohol Commission to issue a permit to appellants permitting the sale of beer at The Smoke House. Costs will be paid by the appellee.

FONES, HENRY, BROCK and HARBISON, JJ., concur.