**Roger C. HARVEY, Appellant,**

v.

**RHEA COUNTY BEER BOARD, Appellee.**

Supreme Court of Tennessee.

April 3, 1978.

Gary N. Fritts, Dayton, for appellant.

James W. McKenzie, Dayton, for appellee.

## OPINION

BROCK, Justice.

Appellant's application for a permit to sell beer in a proposed package store adjacent to his grocery-service station on U.S. Highway 27 in Rhea County was denied by the county beer board. Upon petition for certiorari to review the Board's action, appellant was granted a de novo hearing pursuant to T.C.A., § 57–209. The trial judge upheld the Board's denial of the permit based upon T.C.A., § 57–205, finding that (1) the proposed package store would cause a traffic hazard and (2) the store would interfere with the public health, safety and morals of the community because of its proximity, 2250 feet, to a high school. Appellant's motion for a new trial was denied and this appeal granted.

Several conditions and provisions are required by T.C.A., § 57–205, to be met in order for an appellant to be entitled to a beer permit. It is not disputed that the applicant has met all the conditions and provisions of this statute except the following provision:

"Third, that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals . . . ." T.C.A., § 57–205.

The technical record of this case includes a petition signed by several residents of the community protesting the proposed package store, expressing opposition to making the purchase of beer more convenient for students of the high school who are accustomed to stopping at the applicant's grocery, and also expressing their opinion as church members that the proposed package store would be detrimental to the welfare of the community.

At the hearing before the circuit judge the applicant, Mr. Roger Harvey, testified that he owned and operated R&L Grocery which is located on a straight stretch of Highway 27, 1½ miles north of Evensville and 2250 feet from the Rhea County consolidated high school. Mr. Harvey testified that his was a large business, selling gasoline and petroleum products as well as a general line of groceries to young and old alike, and that high school students frequently stopped at his store. He further testified that he proposed to sell beer on a carry-out basis from a building adjacent to R&L Grocery, currently being used as a storage building for oil and petroleum products. The location proposed for the package store was 40–45 feet from the right of way of Highway 27. A survey revealed that a rise in the highway, north of the proposed location, was 750 feet distant. Mr. Harvey testified that only one traffic accident had taken place at the location of the store, involving the collision of two automobiles on Highway 27 and the resulting deflection of one of the automobiles into a vehicle purchasing gasoline at his store.

Two ministers of local churches testified that, in their opinion, the proposed package store would adversely affect the morals of the community. Rev. David Jordan testified that his daughter had occasionally stopped at the R&L Grocery on her way to and from school. Rev. David Smith testified at his concern that the package store would make beer more convenient to stu-

**792**

dents who frequented the R&L Grocery but he was unable to name any student who, to his knowledge, patronized the grocery.

Mr. Bob Dyer, owner of the Furniture Barn located on Highway 27, testified that he believed the R&L Grocery was located in a dangerous place and was a safety hazard "in that it was located on Highway 27 in the location it was located."

The secretary of the county beer board, Mr. Thomas Taylor, testified that because some high school students were 18 years of age and, thus, were legally entitled to buy beer, public concern had focused on the likelihood or possibility that those students legally entitled to buy beer would share their purchases with students under eighteen.

Based upon this testimony, the trial judge found that the grant of a permit to sell beer at the package store proposed by Mr. Harvey violated T.C.A., § 57–205, in that the store would cause traffic congestion and would interfere with the public health, safety and morals because of its proximity to the high school.

■ Judgments granting or denying beer permits are accompanied by a presumption of correctness on appeal and, therefore, may not be overturned in the absence of a preponderance of evidence to the contrary. *Coffman v. Hammer,* Tenn., 548 S.W.2d 310 (1977); *Lones v. Blount County Beer Board,* Tenn., 538 S.W.2d 386 (Tenn.1976); T.C.A., § 57–209.

■ After careful consideration, we have concluded that the evidence preponderates against the trial court's decision. *See City of Memphis, Etc. v. Randall Mem., Etc.,* Tenn., 550 S.W.2d 657 (1977).

Appellant complied with all the mandatory provisions of T.C.A., § 57–205. There is no dispute in the record that appellant is a person of good moral character. Nor is there evidence that the proposed package store "will cause congestion of traffic or create any other condition not already in existence." *Lones v. Blount County Beer Board, supra* at 390. The testimony relied upon by the trial court consisted primarily of the expression of fears, speculations and apprehensions of witnesses who appear to have a fixed opinion that the sale of beer is harmful and immoral per se. Such expressions are not material in a case of this kind. *Ewin v. Richardson,* 217 Tenn. 534, 399 S.W.2d 318 (1966). No factual evidence was presented as to "how or why the particular permit requested would interfere with public health, safety and morals." *Id.* 217 Tenn. 534, 399 S.W.2d at 320.

■ As we noted in *Howard v. Willocks,* Tenn., 525 S.W.2d 132, 135–36 (1975), the 1967 amendment to T.C.A., § 57–205, mandated that an applicant for a beer permit, who complies with all the legal requirements, shall be entitled to have such license or permit issued to him. Because this applicant has complied with all of the conditions and provisions of T.C.A., § 57–205, and no particularized harm to the public health, safety or morals has been demonstrated, we reverse the judgment of the trial court and remand this cause to the Circuit Court of Rhea County for the entry of an order directing the Rhea County Beer Board to issue a permit to appellant permitting the sale of beer at appellant's proposed package store. Costs will be paid by the appellee.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.