Donald HINKLE, Plaintiff-Appellee,

v.

T. E. MONTGOMERY, Glenn Goode, Hugo Hughes, Winfred Jones and Charles Haney, Composing the Beer Board of Minor Hill, Tennessee, Defendants-Appellants.

Supreme Court of Tennessee.

March 17, 1980.

D. Clayton Lee, Pulaski, for plaintiff-appellee.

W. Howell Forrester, Pulaski, for defendants-appellants.

OPINION

BROCK, Chief Justice.

The Beer Board of Minor Hill, Tennessee, has appealed from the decision of the Chancellor which reversed the decision of that board and ordered that a permit to sell packaged beer be issued to the appellee. We affirm the decree of the Chancellor.

The plaintiff-appellee, who operates a grocery store and service station at the intersection of Highway 11 and Puncheon Road in the town of Minor Hill, applied for a permit to sell beer in the package at his grocery store and service station. Although he met all of the requirements of the law for the issuance of a permit, the beer board denied his application, apparently upon the ground that the addition of beer in the package to the appellee's stock and trade would cause such an increase in traffic as to constitute a hazard to the traveling public at the intersection.

The evidence indicates that there is a caution traffic light at the intersection in question; that a post office, library, cafe, and laundromat are located nearby; that Mr. Hinkle's gasoline pumps are 8 feet from the right of way and 10 feet or less from the front door of his store; that he has approximately three automobile parking spaces on the front side of his store and about the same number on the side of his store building; that there is a rather large

lot, approximately 50 feet by 115 feet, in the rear of his store which can accommodate about 10 automobiles. It further appears that upon some occasions traffic becomes congested at this intersection. The Chancellor, upon full consideration of all the evidence in the case, concluded that under the statute and recent opinions of this Court the permit should be issued to the plaintiff, citing *Coffman v. Hammer*, Tenn., 548 S.W.2d 310 (1977); *Harvey v. Rhea County Beer Bd.*, Tenn., 563 S.W.2d 790 (1978).

Under existing laws the decree of a trial court granting or denying a beer permit comes to this Court accompanied by a presumption of correctness and the burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. T.C.A., §§ 57–205, 57–209; *Harvey v. Rhea County Beer Bd., supra; City of Memphis, Etc. v. Randall Mem., Etc.*, Tenn., 550 S.W.2d 657 (1977).

With respect to the testimony of witnesses, even expert witnesses, that the issuance of a beer permit would cause a traffic hazard we said in *Gibson v. Ferguson*, Tenn., 562 S.W.2d 188 (1978):

"Appellant places great reliance upon the testimony of Sgt. Kilpatrick that in his opinion appellee's proposed business would create a traffic hazard, but, in our view, this opinion testimony—although not contradicted by opposing contrary opinion—is not conclusive. Expert opinions, at least when dealing with highly complicated and scientific matters, are not ordinarily conclusive in the sense that they must be accepted as true on the subject of their testimony, but are purely advisory in character and the trier of facts may place whatever weight it chooses upon such testimony and may reject it, if it finds that it is inconsistent with the facts in the case or otherwise unreasonable. Even in those instances in which no opposing expert evidence is offered, the trier of facts is still bound to decide the issue upon its own fair judgment, assisted by the expert testimony. (Citation omitted.) In our view, this is especially true when the opinion, as in this case, amounts to no more than prediction and speculation." 562 S.W.2d at 189–90.

Moreover, as we noted in *Lones v. Blount County Beer Board*, Tenn., 538 S.W.2d 386, 390 (1976), in order for traffic congestion to constitute a valid basis for denying a permit to sell beer in the package it must be shown that the issuance of a permit would cause traffic to be more congested and more hazardous than it was prior to the issuance of the permit, a fact most difficult to establish with respect to a location at which beer has not been sold previously.

Our conclusion is that the evidence does not preponderate against the findings and decree of the Chancery and, accordingly, that decree is affirmed. The costs of appeal are assessed against appellants.

COOPER, FONES, HENRY and HARBISON, JJ., concur.