**Joan Loretta GIBBS, d/b/a Gibbs Market, Appellee,**

v.

**BLOUNT COUNTY BEER BOARD, Appellant.**

Supreme Court of Tennessee, at Knoxville.

Jan. 30, 1984.

David T. Black, Martha S.L. Black, Maryville, for appellant.

Jerry G. Cunningham, Felknor & Cunningham, Maryville, for appellee.

OPINION

FONES, Chief Justice.

This is an appeal from the judgment of the Circuit Court of Blount County which reversed the Blount County Beer Board's denial of a beer permit.

Appellee Joan Gibbs filed an application for the issuance of a beer permit at the market she and her husband, Ronnie Gibbs, jointly owned. The building in which beer would be sold is 20′ by 60′. Located within the building is a gun shop, operated by appellee's husband, comprising an area of approximately 9′ by 12′. The gun shop is set off from the store by a four foot high glass display case and a panel wall. The building is served by a common front entrance to the store and the gun shop.

The county beer board took the position that the sale of beer in the same building where guns are bought, sold, traded and repaired interferes with the public health, safety and morals. The board then denied issuance of the permit. The board argued in defense of its decision that in light of T.C.A. § 39–6–1717, which prohibits the carrying of dangerous weapons in establishments selling alcoholic beverages, to grant the permit in question would have in fact placed the beer board in the position of aiding and abetting the commission of said felony.

The applicant/appellee petitioned the circuit court for statutory writ of certiorari, pursuant to T.C.A. § 57–5–109. The trial judge, hearing the case de novo, rejected the position of the beer board and granted the beer permit. The judge found the enactment of T.C.A. § 39–6–1717 evinced public policy considerations in proscribing persons carrying weapons, with the intent to go armed, from commingling in places where alcoholic beverages are sold. He noted, however, that in reading the exceptions to the statute in conjunction with its main

provisions, that the statute did not prohibit the two separate businesses from being operated within the same building and hence did not constitute a bar to issuance of the permit. The trial court also held that the buying, selling, trading and repairing of guns did not amount to aiding and abetting the offense of carrying dangerous weapons in an establishment licensed to sell alcoholic beverages.

This case presents a single legal issue: whether the sale of beer from an establishment wherein guns are sold and repaired, interferes with the public health, safety and morals.

The center of controversy in the case is the effect of T.C.A. § 39–6–1717:

39–6–1717. *Carrying dangerous weapons into establishment licensed to sell alcoholic beverages—Exceptions.*—(a) No person shall intentionally, knowingly, or recklessly carry on or about his person while inside the confines of the building of any establishment licensed to sell beer, wine or any other alcoholic beverage, for consumption on or off the premises, any weapon prohibited by § 39–6–1701 *for the purpose of going armed.*

(b) Violations of subsection (a) shall constitute a felony and shall be punishable by imprisonment for a period of not less than one year nor more than five (5) years and, additionally, by a fine not to exceed twenty-five hundred dollars ($2,500).

(c) The provisions of subsection (a) shall not apply to a person:

(1) Who is in the actual discharge of his official duties as a peace officer, as a member of the armed forces or national guard, or as a guard employed by a penal institution;

(2) Who is on his own premises or premises under his control or who is the employee or agent of the owner of the premises with responsibility for protecting persons or property;

(3) Who is engaging in lawful hunting, fishing, or other sporting activity if the weapon is a type commonly used in the activity; or

(4) Who is identified by the provisions of § 39–6–1702, and thereby exempted from the provisions of § 39–6–1701. (Emphasis added.)

If this license is granted the customers of the gun shop will clearly be "inside the confines of the building" where alcoholic beverages will be sold. We are entitled to assume that most, if not all of them, will be carrying weapons described in T.C.A. § 39–6–1701. The practical problem created is how can the public distinguish between those persons who are carrying weapons with intent to go armed, from those who have no intent to go armed. Obviously, it is an impossibility to make such distinction until after the fact of danger and potential harm to the public has occurred.

As the trial judge indicated, the Legislature in enacting T.C.A. § 39–6–1717 has clearly said that it is against public policy to commingle persons carrying weapons with intent to go armed with other members of the public in places where alcoholic beverages are sold. When the public cannot distinguish the violators of that section from the non-violators, we think it follows as the night follows the day that the granting of a beer permit in the circumstances of this case would interfere with the public health, safety and morals.

The judgment of the Circuit Court of Blount County is reversed and this suit is dismissed at plaintiff's costs.

COOPER, HARBISON and DROWOTA, JJ., concur.

BROCK, J., dissents.

BROCK, Justice, dissenting.

Respectfully, I dissent from the majority opinion. The record indicates that the applicant for the beer permit in this case has complied with every provision of T.C.A., § 57–5–105, which controls the issuance of beer permits. In such a case we have held over and over in recent years that the permit should be granted. *Harvey v. Rhea County Beer Bd.,* Tenn., 563 S.W.2d 790 (1978); *Lones v. Blount County Beer Bd.,*

Tenn., 538 S.W.2d 386 (1976); *Coffman v. Hammer,* Tenn., 548 S.W.2d 310 (1977); *City of Memphis, Etc. v. Randall Mem., Etc.,* Tenn., 550 S.W.2d 657 (1977); *McCarter v. Goddard,* Tenn., 609 S.W.2d 505 (1980). Nevertheless, the majority opinion reverses the decision of the trial court ordering that the permit be issued. The only reason advanced for denying the permit is that in a portion of the building in which the applicant operates a grocery market and in which beer would be sold for consumption off the premises applicant's husband operates a gun repair shop in a space approximately 9′ × 12′ which is separated from the market by a 4 feet high display case and a wall. It is claimed that because the grocery market and the gun repair shop are located in the same building the issuance of a beer permit would somehow infringe T.C.A., § 39–6–1717, which provides:

> "No person shall intentionally, knowingly, or recklessly carry on or about his person while inside the confines of the building of any establishment licensed to sell beer, wine or any other alcoholic beverage, for consumption on or off the premises, any weapon prohibited by § 39–6–1701 *for the purpose of going armed.*" (Emphasis added.)

Although no evidentiary basis is cited in support thereof, the majority draws the following conclusion:

> "If this license is granted the customers of the gun shop will clearly be 'inside the confines of the building' where alcoholic beverages will be sold. *We are entitled to assume that most, if not all of them, will be carrying weapons prohibited by T.C.A., § 39–6–1701.*" (Emphasis added.)

I cannot make such an assumption. First, there is no basis whatever for assuming that those who come to the gun shop to purchase a gun or to have one repaired will be carrying one of the weapons prohibited by T.C.A., § 39–6–1701, and, if so, would be carrying such a weapon with the intent to go armed. T.C.A., § 39–6–1701, provides:

> "(a) Any person who shall carry in any manner whatever, with the intent to go armed, any razor, dirk, bowie knife or other knife of like form, shape, or size, sword cane, ice pick, sling shot, blackjack, brass-knucks, spanish stiletto, or a fountain pen pistol or gun, or like instrument containing a firing pin capable of shooting tear gas or pistol cartridges, or any pistol or revolver of any kind whatever, except the army or navy pistol which shall be carried openly in the hand, or any other dangerous weapon, shall be guilty of a misdemeanor."

There is simply no evidence that the applicant and her husband would permit such violations to occur. The law presumes that they would not do so.

Moreover, the carrying of a weapon to a shop for repairs or for any other than the purpose of going armed is not prohibited by the statute. As I see it, there is no more reason to deny the permit in this case because the small gun shop happens to be in the same building as the grocery market where the beer would be sold than there would be to deny the permit because a shoe shop rather than a gun shop were located in the same building as the market.

Therefore, I most respectfully dissent. I would affirm the judgment of the trial court.