Ruth RICHARDS, Appellant,

v.

The LEWISBURG ALCOHOLIC BEVER-
AGE COMMISSION, Appellee.

Supreme Court of Tennessee.

Feb. 14, 1977.

Charles W. Wade, Lewisburg, for appellant.

Thurman Thompson, City Atty., Lewisburg, for appellee.

## OPINION

HENRY, Justice.

This is an appeal from a judgment of the Chancery Court at Lewisburg suspending appellant's permit to operate a package store for the retail sale of beer, for one (1) year, on the basis of selling beer to minors.

We affirm the Chancellor in all respects.

### I.

The evidence clearly establishes that appellant sold a quantity of beer to two young men, ages 17 and 16 respectively.

■ Chapter 2, Title 57, Tennessee Code Annotated (Sec. 57–201, et seq.) governs the sale of beer and light alcoholic beverages within the state. As we pointed out in *Howard v. Willocks,* 525 S.W.2d 132, 135 (Tenn.1975), there is a "very pronounced difference between the authority possessed by cities and counties", with the former having vastly more authority. When § 57–205, T.C.A., relating to licenses and permits to sell "outside of town or city limits", is read in conjunction with § 57–209, T.C.A. relating to revocation, this Chapter is broad enough to permit a county to revoke on the basis of a sale of beer to a minor. This necessarily follows from the fact that the former sections require that an applicant for a county permit "establish  .  .  . that no sale shall be made to minors", and the latter provides for revocation, among other things, "for any violation of any provision of this chapter."

■ This Chapter, however, contains no such condition precedent to the issuance of permits to sell within incorporated areas. § 57–204 requires a permit to sell in either the county or city.  § 57–205 relates to counties only.  The result is that this chapter does not forbid the sale of beer to minors by a retail beer outlet located within the corporate limits of a municipality.

However, § 57–208, T.C.A. authorizes municipalities

to pass proper ordinances governing the issuance and revocation of licenses [to sell beer] within the corporate limits  .  ., but cities and towns may impose additional restrictions [to include] such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide.

This Court had held that Tennessee municipalities are given absolute discretion in the matter of regulation and control of the sale of beer.  *Howard v. Willocks, supra; Ketner, et al. v. Clabo, Mayor, et al.,* 189 Tenn. 260, 225 S.W.2d 54 (1949).

■ Since appellant tenders no assignment questioning the right of the City of Lewisburg to revoke a beer permit on the basis of a sale to a minor, we assume that the city has adopted an appropriate ordinance. This assumption is bolstered by the fact that the record shows that the "employee" making the sale was arrested, tried, convicted and fined in city court for selling beer to these two minors.

### II.

■ Appellant complains that she was not given proper notice of the charges upon which revocation would be sought.  We agree with this contention.  The written notice read, in pertinent part, as follows:

You are hereby notified that on December 30, 1975 at 7:30 P.M. at the Lewisburg Municipal Building, a hearing will be held by the Lewisburg Alcoholic Beverage Commission to determine if your permit to sell beer at Sudden Service Grocery should or should not be revoked.

The notice should have specified the ground for revocation; however, from this failure it does not follow that the subsequent action of the Chancellor was erroneous.

The appellant's "employee" at Sudden Service, was also her husband. There can be no doubt that she knew he had been arrested for selling beer to these minors, and it did not require any undue strain on her mental processes to figure out the reasons for the revocation.

Moreover, the procedural safeguards relating to appellate review, all but obliterate the necessity for notice, as a practical proposition. The revocation of a beer permit is reviewable by the Circuit Judge or Chancellor under the statutory writ of certiorari with a trial de novo. See § 57–209, T.C.A.

In *Cantrell v. DeKalb Co. Beer Board,* 213 Tenn. 568, 376 S.W.2d 480 (1964), this Court held "[a] 'trial de novo' as used in § 57–209 means the cause is tried as if it originated in the circuit or chancery court", and

> [t]he trial judge is required to make an independent judgment on the merits, which, . . . results in the trial judge substituting his judgment for that of the beer board; . . . .

We reaffirmed this holding in *Lones v. Blount County Beer Board,* 538 S.W.2d 386 (Tenn.1976).

Under this standard of review we cannot conceive of any prejudice arising from an inadequate notice.

might reasonably be presumed to be of such age and in unknown to such person making the sale. Provided further, that such license or permit may be suspended for a period not to exceed ten (10) days.

This statute was obviously intended to protect the operator of a retail beer outlet in those cases where identification cards were presented by prospective purchasers over the age of eighteen, *if,* but only if, their "appearance as to maturity" led the operator to believe that they had attained their majority.

This provision affords appellant no relief. Both of these young men were under eighteen years of age; they presented no identification cards; and they made no representations as to their ages. After seeing them and hearing them testify the Chancellor observed:

> Just from looking at them you can tell that they are young kids. One of them said he was seventeen (17). I was surprised, I thought he was younger than that. The other one said he was sixteen (16).

The judgment of the Chancellor is

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.

### III.

■ Appellant contends that revocation is limited to ten (10) days under the following portion of § 57–209, T.C.A.:

> However, no permit or license shall be revoked on the grounds the operator or any person working for him sells beer to a minor over the age of eighteen (18) years if such minor exhibits an identification, false or otherwise indicating his age to be twenty-one (21) or over, if his appearance as to maturity is such that he