**James E. MIDGETT, Appellant,**

v.

**Frank SMITH et al., Appellees.**

Supreme Court of Tennessee.

Dec. 31, 1979.

B. F. (Jack) Lowery, Lebanon, for appellant.

McAllen Foutch, Smithville, for appellees.

## OPINION

HENRY, Justice.

This case involves the revocation of a beer permit.

On November 3, 1973, appellant was granted a permit authorizing the sale of packaged beer.

On March 21, 1975, he was convicted on a plea of guilty, of "possession of tax whiskey." [1] On May 13, 1975, the DeKalb County Beer Board granted an "amendment" to his permit so as to permit consumption on the premises. After voting to revoke his permit in January 1977 and reversing itself two weeks later, the Beer Board, on September 1, 1977, revoked the permit on the basis of the conviction of the intoxicating liquor charge. On certiorari the Circuit Court upheld the action of the Beer Board. We affirm.

The appellant presents three (3) assignments.[2] First, he asserts that his permit was revoked "without giving him formal notice."

 There is no requirement in the law that "formal" notice be given; however, better practice and fundamental fairness dictate that one whose beer permit is in jeopardy be given some form of notice, preferably in the form of a citation setting forth the nature of the charged violation and the date, time and place of the hearing. Such notice was not issued in this case; however, the record shows that at the August 1977 meeting of the Board, Mr. Midgett was present, and was confronted with his plea to the liquor law violation. He elected to make no response. It was announced at that meeting that action would be taken the following month.

Appellant did not attend the September meeting at which the permit was revoked. When the matter came before the Circuit Court on certiorari, he did not testify and called no proof.

We elaborated on the question of notice, in this context, in *Richards v. Lewisburg Alcoholic Beverage Commission*, 543 S.W.2d 852 (Tenn.1977). We pointed out:

the procedural safeguards relating to appellate review, all but obliterate the necessity for notice, . . . .. The revocation of a beer permit is reviewable by the Circuit Judge or Chancellor under the statutory writ of certiorari with a trial *de novo*.

543 S.W.2d at 854

Because the trial judge makes his own independent judgment and substitutes his judgment for that of the beer board, the lack of notice is not fatal. The application of this reasoning most assuredly produces no injustice in this case because the appellant knew the Board was going to act and knew there was record evidence that he had violated the laws relating to intoxicating liquors.

 Next appellant charges the Beer Board with laches because it did not act to revoke his license for almost two and one half years after his conviction, and in the meantime had enlarged his permit. This latter circumstance, he contends, was a waiver.

Assuming *arguendo* that the principle of waiver is applicable, we find no relinquishment of a known right. The record is clear that the Board had no knowledge of his conviction at the time it enlarged the permitted scope of his activities.

We find no facts sufficient to support a defense of laches or waiver.

1. While the record is not entirely clear, apparently this was based upon a charge of stocking intoxicating liquors in violation of Section 39–2527, T.C.A.

2. Actually the assignments complaint of the action of the Beer Board as opposed to that of the Circuit Court. Review in the Circuit Court is *de novo*; the trial judge is required "to make an independent judgment on the merits" and, in effect, "substitut[es] his judgment for that of the beer board." *Cantrell v. DeKalb County Beer Board*, 213 Tenn. 568, 572, 376 S.W.2d 480, 482 (1964). *See also, Lones v. Blount County Beer Board*, 538 S.W.2d 386 (Tenn. 1976). The assignments have no vitality; however, we have elected to consider them.

Lastly, appellant insists that the action of the Beer Board in granting him authority for the sale of beer for consumption on the premises was tantamount to the issuance of a new permit. We agree. There is no provision in our law for an amendment or enlargement of a beer permit so as to convert a "package" permit into one authorizing "on premises" consumption. This follows from the fact that wholly different considerations are involved. *See generally, Coffman v. Hammer*, 548 S.W.2d 310 (Tenn.1977).

The amendment was, in legal effect, a new permit which required applicant to meet all conditions precedent enumerated in Section 57–205, T.C.A. In *Howard v. Willocks*, 525 S.W.2d 132 (Tenn.1975), we held that a beer permit "may be transferred, upon proper application to the . . beer committee, and a showing of full compliance with Section 57–205, T.C.A." 525 S.W.2d at 137. This is an analogous situation.

Among the requirements of Section 57–205, T.C.A., governing the issuance of a permit, is a showing that "neither the applicant nor any persons employed by him . . shall be a person who has been convicted of any violation of the laws against possession . . . of intoxicating liquor."

At the time the "new permit" was granted, applicant was legally disqualified. There is no indication that he disclosed this fact to the Board. Nor is it any answer to say that the Board proceeded informally and incorrectly—as it unquestionably did in failing to require a new application in order to consider the various statutory and decisional criteria peculiarly applicable to permits for on-premise consumption. The fact remains that under the statute he was not entitled to have his permit amended or enlarged or a new permit issued.

Section 57–209, T.C.A., provides, in pertinent part, that permits may be revoked "for any violation of any provision of this Chapter." These statutes confer upon beer boards the right to revoke for any of the reasons which would disqualify an applicant in the first instance.

We affirm the action of the Trial Court and remand for the issuance of appropriate orders placing the final revocation into effect.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.