The **METROPOLITAN BEER PERMIT BOARD OF the METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY: Thomas Johnson, Louise Jetmore, Jack Peeler, Charles Krech and Sam Whitmon, Appellant,**

v.

**William L. JONES, d/b/a Sunza's Drive-In, Appellee.**

Supreme Court of Tennessee.

Dec. 14, 1981.

John P. Long, Metropolitan Atty., Nashville, for appellant.

Luther E. Cantrell, Jr., Nashville, for appellee.

## OPINION

FONES, Justice.

Appellant, Metropolitan Beer Board of Nashville and Davidson County appeals from a judgment of the circuit court reducing the permanent revocation of a beer permit imposed upon appellee, Jones, d/b/a Sunza's Drive-In, by the Beer Board, to a ten day suspension.

### I.

The proof was clear and convincing that at least three minors, Monica Washington, Stephanie Vaughn, and Angela Vaughn had been admitted to defendant's establishment without proper age identification and had been served beer on occasions prior to February 25, 1980. On that date one of the three minors, fifteen year old Angela Vaughn, got into an argument with an adult female. Appellee's employee told the combatants to "take it to the street." They complied with that directive, but unfortunately after they reached the street, the adult pulled a gun and killed Angela Vaughn.

### II.

The revocation of a beer permit is reviewable by the circuit or chancery court under the statutory writ of certiorari with a trial de novo. *Richards v. Lewisburg Alcoholic Beverage Commission,* 543 S.W.2d 852 (Tenn.1977).

On appeal to this Court the review is also de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d).

The trial judge applied T.C.A. § 57–5–109(b) in limiting the appellee's suspension to ten days. That subsection provides protection to a beer permit holder, who in good faith, based upon an "appearance as to maturity" is misled by a false identification card, but only if the person is actually over eighteen years of age. *See Richards v. Lewisburg Alcoholic Beverage Commission, supra.* It is undisputed that all of the minors admitted in violation of the law were under eighteen years of age, and the trial judge erroneously applied the statute.

When applicable, T.C.A. § 57–5–109(b) provides that a suspension may not exceed ten days.

Appellee Jones had had a beer permit for approximately eighteen years when the February 25, 1980, incident occurred and that was the first time that he had been cited for a violation of the beer laws. Under the circumstances of this case we are of the opinion that a permanent revocation is unwarranted.

On the other hand, the violations that culminated in the February 25, 1980 incident were serious and this Court could not approve a suspension of less than thirty days. We are of the opinion that the trial judge would have decreed a longer suspension but for the ten day limitation in the statute he erroneously applied. While this Court is reluctant to assess a penalty not prescribed by either of the courts below, in these unusual circumstances, we are of the opinion that it is more appropriate that this Court order a thirty day suspension than to remand for a new trial.

The judgment of the Circuit Court of Davidson County is reversed and this cause is remanded to that court for the entry and enforcement of a decree that the beer license of appellee be suspended for a period of thirty days. Costs of this appeal are adjudged against appellee.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.