**Mrs. Juanita TIPPIT, d/b/a Tippit Package and Grocery Store, Appellant,**

v.

**OBION COUNTY and Obion County Commissioners, and Norris Cranford, Don Whipple, and James E. Pierce, Appellees.**

Supreme Court of Tennessee,
at Jackson.

May 23, 1983.

Charles S. Kelly, Dyersburg, for appellant.

William B. Acree, Jr., Elam, Glasgow, Tanner & Acree, Union City, for appellees.

### OPINION

COOPER, Justice.

Appellant, the owner of an interest in a grocery store on Bluff Road in the Gratio community of Obion County, was denied a permit to sell beer by the Obion County Beer Board "on grounds of petition from the community." The petition charged in effect that if the sale of beer was authorized, the absence of police authority in the Gratio community would result in unlawful behavior on the part of appellant and her customers and would have an adverse effect on the youth of the community.

Upon petition for certiorari to review the action of the beer board, appellant was granted a *de novo* hearing pursuant to T.C.A. § 57–5–109(d). At the conclusion of the hearing, the chancellor held that appellant was not entitled to a beer permit. This appeal resulted.

■ Appellant does not direct her argument to the findings of the chancellor, but challenges the reason given by the beer board in denying the application. Appellant's argument is misdirected. The appeal puts in issue the decree of the chancellor in the *de novo* hearing, and the basis therefor.

■ Judgments granting or denying beer permits are accompanied by a presumption of correctness on appeal to this court and, therefore may not be overturned in the absence of a preponderance of evidence to the contrary. *Coffman v. Hammer,* 548 S.W.2d 310 (Tenn.1977). No such preponderance of evidence is shown in this case.

The Gratio community is located near the Obion-Lake County line. It has no police force, but depends on the sheriff for enforcement of the laws of the State of Tennessee. His office is thirty-five (35) miles from Gratio.

Neither appellant nor her husband, who is a partner and co-owner of Tippit's Package and Grocery Store, has ever been issued a beer permit in Obion County. They previously had been in business in Lake County, and had had a permit to sell beer. Appellant admitted that she had sold beer on Sundays, knowing that such sales were illegal. She sought to justify her action on the ground that she knew that others had sold beer on Sundays. Appellant also admitted that she owned or had an interest in an establishment in Lake County where gambling was permitted contrary to state law.

The record also shows that appellant's husband is a co-owner of Tippit's Package and Grocery Store and, according to appellant, will probably help operate the business. Mr. Tippit was shown to have a serious drinking problem—having been arrested four times in Lake County for public drunkenness and once for driving while intoxicated.

■ Specifically noting the past activities of the appellant, the chancellor concluded that appellant had failed "to prove that she was of good moral character to have a beer permit." The chancellor specifically commented on appellant's admitted violations of the laws pertaining to the sale of beer, and the gambling laws, and her husband's "drinking" problem. With the appellant's track record of violation of laws pertaining to the sale of beer and the gambling laws and her husband's "drinking" problem, granting appellant a permit to sell beer at an establishment thirty-five (35) miles from the nearest police authority, in our opinion, would be detrimental to the public health, safety, and morals of those living and working in the Gratio community, and is sufficient to justify the chancellor's denial of the beer permit sought by appellant. *See* T.C.A. § 57–5–105.

Decree affirmed. Costs will be paid by Juanita Tippit and her surety.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.