**CLAIBORNE COUNTRY CLUB, INC., Plaintiff/Appellant,**

v.

**CITY OF TAZEWELL, Defendant/Appellee.**

**CITY OF TAZEWELL, Plaintiff/Appellee,**

v.

**Earl D. "Doug" MULLINS, Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Sept. 15, 1993.

Application for Permission to Appeal Denied by Supreme Court Feb. 14, 1994.

Michael G. Hatmaker, Jacksboro, for plaintiff/appellant Claiborne Country Club, Inc. and for defendant/appellant Earl D. "Doug" Mullins.

David H. Stanifer, Stanifer and Stanifer, Tazewell, for defendant/plaintiff/appellee.

FARMER, Judge.

Claiborne Country Club, Inc. (Claiborne) sought to enjoin the City of Tazewell (City) from enforcing any statute or ordinance addressing the hours of consumption of alcoholic beverages on its premises. The parties' statements of fact are virtually identical and provide:

Prior to 1966, the Town of Tazewell, Tennessee had in effect an Ordinance regulating the sale and consumption of beer. That Ordinance read, at pertinent part, as follows:

*SECTION 18. HOURS OF SALE.* It shall hereinafter be unlawful and it is hereby declared to be a misdemeanor for any person, persons, firm or corporation or association to sell or distribute any of such beverages regulated hereunder, within the corporate limits of the Town of Tazewell between the hours of 12 midnight and 5 A.M. daily and at no time on Sunday. No such beverage shall be consumed or opened for consumption on or about the premises of a permittee in either bottle, glass, or other container after 10:45 P.M.

Thereafter, on February 8, 1966, the Town of Tazewell adopted an Ordinance which amended the above-referenced Ordinance, and which amended Ordinance reads at pertinent part as follows:

*SECTION III.* That Section 18 be amended to read as follows: It shall hereafter be unlawful and it is hereby declared to be a misdemeanor for any person, persons or firm or corporation or association to sell or distribute any of such beverages regulated hereunder, within the corporate limits of the Town of Tazewell between the hours of 12 midnight and 5 A.M. daily and at no time on Sunday and Christmas Day, also any election day whether City, County, State or National until after the closing of the election polls.

This Ordinance was thereafter codified at Section 2–218 of the Tazewell Municipal Code.

Claiborne Country Club, Inc., Appellant in cause number 6736, has obtained from Tazewell, Appellee, a beer permit which permits Claiborne Country Club to sell malt beverages to its patrons.

Earl D. "Doug" Mullins, a representative of Claiborne Country Club and the Appellant with regard to cause number 6762 was, on March 19, 1990, convicted in the City Court for Tazewell, for "violation of T.C.A. § 57–5–301.". T.C.A. § 57–5–301, at pertinent part, reads as follows:

No alcoholic beverage within the scope hereof shall be sold between twelve (12:00) o'clock midnight and six o'clock (6:00 a.m.). No such beverage shall be sold between twelve (12:00) o'clock midnight on Saturday and eleven fifty-nine o'clock p.m. (11:59 p.m.) on Sunday. No such beverage shall be consumed, or opened for consumption, on or about any premises licensed hereunder in either bottle, glass, or other container, after twelve-fifteen o'clock a.m. (12:15 a.m.). Any county by resolution of the governing body may extend the hours for the sale of beer; provided, however, that the hours for the sale of beer in "clubs" as defined in § 57–4–102, shall conform to those hours for the sale of liquor by the drink as provided in Chapter 4 of this title.

Mullins appealed the City Court's ruling to the Circuit Court.

The cases were consolidated. The trial court issued a memorandum opinion and order adopting the same ruling in favor of the City in both cases and holding that a holder of a beer license in the City of Tazewell cannot sell beer past midnight nor allow beer to be consumed on the premises past 12:15 a.m.

The sole issue as presented by Appellants is:

Did the lower court err in ruling that Section 2–218 of the Tazewell Municipal Code prohibits the consumption of alcoholic beverages (beer) on a permittee's premises after 12:15 o'clock a.m.?

Notwithstanding the phrasing of the issue presented by Appellants, we do not interpret the trial court's ruling to be that the city ordinance prohibits the consumption of beer on Appellant's premises after 12:15 a.m.

All incorporated cities and towns in this state are authorized to pass ordinances governing the issuance and revocation or suspension of licenses for the storage, sale, manufacture and/or distribution of beer and may impose additional restrictions, including providing hours of opening and closing and such other rules and regulations as will promote the public health, morals and safety as they may by ordinance provide. T.C.A. § 57–5–108(a)(1). Appellants contend that City opted to regulate the hours of consumption in the pre–1966 ordinance, but by deleting that

from the amendment, the effect was to remove any restriction on the hours of consumption. They rely upon *Richards v. Lewisburg Alcoholic Beverage Commission*, 543 S.W.2d 852 (Tenn.1977) and the cases cited therein that municipal corporations are given absolute discretion in the matter of regulation and control of the sale of beer. They contend that the trial court's ruling had the effect of holding that City's ordinance, even though silent as to the hours of consumption, control not only the hours of sale but also the hours of on-premises consumption. We do not agree. We interpret the ruling to be that Claiborne, or any other holder of a beer license in the City of Tazewell, cannot sell beer past midnight or allow the same to be consumed on or about the premises after 12:15 a.m. as provided in § 57–5–301(b)(1). Primary control over the retail sale or consumption of beer has generally been vested in units of local government. Both state and local governments have regulatory functions with the respect to the sale of alcoholic beverages and with the respect to the dispensation of beer. *State ex rel. Amvets Post 27 v. Beer Bd. of the City of Jellico*, 717 S.W.2d 878 (Tenn.1986); *City of Chattanooga v. Tennessee Alcoholic Bev. Comm'n*, 525 S.W.2d 470 (Tenn.1975). The city's ordinance and the statute should be construed in harmony. Where the ordinance is silent with respect to hours of on premises consumption, the statute is controlling.

We affirm the holding of the trial court that Claiborne, or any other holder of a beer license in the City of Tazewell, cannot sell beer past midnight or allow the same to be consumed on or about the premises after 12:15 a.m. as provided in § 57–5–301(b)(1).

The judgment of the trial court is affirmed. The stay order entered by the trial court on February 26, 1993 is lifted. The costs of this appeal shall be paid by the appellants in equal shares, for which execution may issue if necessary.

CRAWFORD and GODDARD, JJ., concur.