ANNA BELLE LYNN,           )

                                    )

     Plaintiff/Appellant,       )      Appeal No.

                                    )      01-A-01-9712-CH-00704

vs.                              )

                                    )

RICHIE BLUE, et al,        )      Humphreys Chancery

                                    )      No. 24-098

     Defendants/Appellees.     )

**FILED**

October 21, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE HUMPHREYS COUNTY CHANCERY COURT
AT WAVERLY, TENNESSEE

THE HONORABLE ALLEN WALLACE, CIRCUIT JUDGE

SITTING AS CHANCELLOR

DAVID D. WOLFE
505 West College
Dickson, Tennessee 37055
     ATTORNEY FOR PLAINTIFF/APPELLANT

JOHN LEE WILLIAMS
102 South Court Square
Waverly, Tennessee 37185
     ATTORNEY FOR DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

**O P I N I O N**

     This is an appeal from the action of the Chancery Court of Humphreys County, Tennessee upholding a denial by the county beer board of a beer permit to the applicant. Tennessee Code Annotated section 57-5-105(e)(Supp. 1998) provides that judicial review of a beer board's denial of an application for a permit to sell beer shall be "in the manner as authorized under 57-5-108." Tennessee Code Annotated section 57-5-108(d) provides for "review by statutory writ of certiorari, with a de novo trial as a substitute for an appeal."

It is well to explain at the outset why practically all of the cases annotated under Tennessee Code Annotated section 57-5-105 through 57-5-109 are supreme court cases. Prior to Chapter 147 of the Public Acts of 1989 entitled "Appellate Court Efficiency Act" section 57-5-109f provided for direct appeal from the trial court to the supreme court. After the adoption of the Rules of Appellate Procedure, effective July 1, 1979, the General Assembly enacted Chapter 449 section 2 of the Public Acts of 1981, amending Tennessee Code Annotated section 57-5-109(f) in a confusing manner which was called to the attention of the General Assembly by the supreme court in *Cooper v. Alcohol of the City of Memphis,* 745 S.W.2d 278 (Tenn. 1988), which opinion was released January 25, 1988. The "Appellate Court Efficiency Act" of 1989 deleted the provision for appeal to the supreme court from Tennessee Code Annotated section 57-5-109(f) and any further lingering doubt as to the jurisdiction of the court of appeals was laid to rest by Chapter 952 of the Public Acts of 1992 entitled "Appellate Courts' Improvement Act," effective May 1, 1992. *See Stewart Title Guaranty Co. v. McReynolds*, 886 S.W.2d 233, 238-239 (Tenn. App. 1994).

Under Rule 13(d) of the Rules of Appellate Procedure, trial in this court is *de novo* with the findings of fact of the trial court presumed to be correct unless the preponderance of the evidence is otherwise. *See Metropolitan Beer Permit Bd. v. Jones*, 625 S.W.2d 267, 268 (Tenn. 1981).

> In final decree the chancellor held:
>
> Upon consideration of the record of the proceedings had before the defendants as certified and filed, testimony of petitioner and other witnesses received in open court, arguments of the solicitors for the parties, and the entire record in the cause the court finds that the sale of beer by petitioner at retail or on-premises consumption at such location will interfere with the public health, safety and morals of the community and will result in an increased burden on law enforcement and a permit to sell beer ought to be denied.
>
> From this decree applicant appeals.

No verbatim transcript of the record, either before the beer board or before the chancellor, appears in the record but a Rule 24(c) statement of the evidence as revised by the chancellor is filed.

At the hearing before the chancellor on October 28, 1997 three witnesses testified. First was the petitioner, Anna Belle Lynn; secondly, her husband David Walls, and thirdly, Humphreys County Sheriff Ronnie Toungette, called as a witness by the defendants.

Petitioner testified that she was a resident of Dickson, Tennessee where she operated "Anna's Upper Deck Lounge" and held a beer permit. She had no violations in Dickson and

no revocations or other problems. She had long familiarity with the premises for which she sought a beer permit in Humphreys County. The building was located at Hurricane Mills near the intersection of Tennessee Highway 13 and Interstate Highway 40. She proposed to name it "Anna's Country Place" and would manage the business herself with two female employees and her husband David Walls as "security". She planned eight tables capable of seating and serving thirty to fifty persons and planned a music band on weekend nights to help draw crowds. She had worked for the previous owners of the property and in 1989 was arrested and convicted for assault and destruction of private property, for which she was placed on probation for a period of eleven months and twenty-nine days. She married David Walls in 1996, aware that he had previously been convicted of bank robbery in New Mexico in 1980 and had served time in the penitentiary.

David Walls testified that in addition to the bank robbery charges he had prior disorderly conduct and trespassing charges in Florida. With this testimony petitioner rested her case.

Sheriff Toungette testified that he had been Sheriff of Humphreys County for sixteen years and that petitioner's proposed business location was in the Buffalo Community which was unincorporated. He described the surrounding area as a mixture of residential and commercial areas with a motel and restaurant located behind the property in issue. He testified that the area was located sixteen miles from the sheriff's office and that no other police or law enforcement agency patrolled the area. Sheriff Toungette testified at length concerning prior problems with the property now owned by the petitioner. It had been a beer joint since 1985 with constant complaints of fighting, threats and people urinating in the parking lot. In 1991, an application for a beer permit by previous owner had been denied. In 1993, the property reopened with a beer permit under new ownership but more complaints occurred about marijuana smoking, fighting, and other disorderly conduct. During portions of this time the petitioner Anna Lynn had worked for Charlie Shanes and Barbara Warren, previous owners of the property, and was aware of previous problems. The sheriff also testified there were no other taverns in the vicinity of the Buffalo Community of Humphreys County and that he could not provide county wide police patrols and could only respond to requests for aid as conservators of the peace and to investigate criminal violations in accordance with his statutory duties. He testified that the time required to reach the Buffalo Community enhanced the potential danger to persons and property resulting from disorderly acts that commonly occur at a beer tavern in an unpatrolled, rural, remote location.

In rebuttal petitioner acknowledged that she had worked as an employee for prior owners but had no control over the actions of such owners or managers.

Upon the foregoing evidence the chancellor found by a preponderance of the evidence that the issuance of a beer permit would be contrary to the public health, safety and welfare of the county.

While it is true that a building, per se, cannot have a bad reputation (*Lones v. Blount County Beer Board*, 538 S.W.2d 386 (Tenn. 1976)), it is equally true that the reputation and past history of the persons proposing to operate the business on such premises are subject to legitimate inquiry. ***Tippit v. Obion County***, 651 S.W.2d 211 (Tenn. 1983).

Tennessee Code Annotated section 57-1-105(b)(1) places the burden on the applicant to establish that "[n]o beer will be sold except at *places* where such sale will not . . . otherwise interfere with public health, safety and morals." The Tennessee Supreme Court has held that a permit to sell beer can be denied because the proposed site is unsuitable. ***See Hughes v. Little***, 213 Tenn. 574, 580; 376 S.W.2d 482, 485 (Tenn. 1964).

It is likewise true that the distance between the proposed business location and the nearest police authority is material to the beer board and to the chancellor in considering an application for a beer permit. ***Tippit v. Obion County***, 651 S.W.2d 211, 213 (Tenn. 1983).

Given the limited record that is before us and making allowances for the superior position of the trial judge on credibility issues, ***ex rel. Balsinger v. Town of Madisonville***, 435 S.W.2d 803, 807 (Tenn. 1968), we cannot say that the evidence preponderates against the decision of the chancellor.

The judgment of the trial court is affirmed with costs of the appeal assessed against appellant.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE