IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

# UNDERGROUND, INC., d/b/a THE UNDERGROUND, v. THE CITY OF KNOXVILLE, TENNESSEE

**Direct Appeal from the Chancery Court for Knox County**
**No. 142803-2     Hon. Daryl R. Fansler, Chancellor**

**FILED AUGUST 25, 2000**

**No. E2000-00609-COA-R3-CV**

The Beer Board summarily suspended Petitioner's licence to sell beer and following a hearing, revoked the permit. On appeal to Chancery Court, the Chancellor upheld the revocation. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Jerrold L. Becker and Samuel W. Brown, Knoxville, Tennessee, for appellant, Underground, Inc., d/b/a The Underground.

Michael Kelley, Charles W. Swanson and Jason H. Long, Knoxville, Tennessee, for appellee, The City of Knoxville, Tennessee.

## OPINION

In this action the Beer Board's revocation of Petitioner's permit to sell beer was upheld by the Chancery Court. Petitioner appealed to this Court.

The issues presented for review are:

1.     Whether the trial court erred in upholding revocation of the Underground's beer permit, because the Beer Board acted illegally, arbitrarily, and in excess of its jurisdiction, by denying the Underground the requisite due process?

2.    Whether the trial court erred in upholding revocation of the Underground's beer permit, because the Beer Board's decision was not supported by substantial and material evidence?

On March 25, 1999, the Beer Board summarily suspended the Underground's beer permit pending a scheduled hearing pursuant to Section 4-27(d) of the Knoxville City Code, based on "receipt of credible information that the permittee has violated various provisions of Article II of Chapter 4 of the Code, Chapter 24 of the Code, or any other law or ordinance" related to sale of beer.

Hearings were subsequently held on April 15 and 20, 1999, and both sides presented proof. The Beer Board then voted to revoke the Underground's beer permit.

Before the Chancery Court, the parties agreed that the case would be tried upon the record developed before the Beer Board, and no further proof was offered. In upholding the revocation of the beer permit, the Chancellor said the Underground appeared to be under "intense scrutiny" and that the police may have had some personal motivation in subjecting the establishment to such scrutiny, but he concluded that if illegal activities were taking place, the motivation of the police was immaterial.

The Chancellor found that the testimony of Jane Doe, a confidential informant, regarding her trips to the Underground as a minor was incredible and gave it no weight, but he did find that the testimony of two minors who were allowed to enter the Underground where beer was being served, without showing identification, as well as the testimony of two police officers who observed minors, either in the Underground or leaving the same, where beer was being consumed. The Chancellor also found that several charges against the Underground were without merit.

As to the first issue on appeal, the proper standard by which the trial court reviews the Beer Board's decision, is "with a trial *de novo* as a substitute for an appeal". Tenn. Code Ann. §57-5-108(d). "*De novo*" in this instance means that the trial judge is to weigh the evidence and make her own decision without regard to any action the Beer Board may have taken, thus substituting her own judgment for that of the Board, as opposed to merely deciding whether the Beer Board acted arbitrarily or illegally. *Richards v. Lewisburg Alcoholic Beverage Commission*, 543 S.W.2d 852 (Tenn. 1977); *Cantrell v. DeKalb Co. Beer Board*, 376 S.W.2d 480 (Tenn. 1964); *Tucker v. Humphreys County*, 944 S.W.2d 613 (Tenn. Ct. App. 1996).

In this case, the Chancellor was required to weigh the evidence and make his decision regarding the merits of the charges, as if the case had originated in his own court. *Richards.*

The basis of the appellant's argument seems to be that the Board acted improperly by summarily suspending the beer permit pending a hearing, thus a denial of the petitioner's due

process.

A beer permit is not a property right. *Sparks v. Beer Committee of Blount County*, 339 S.W.2d 23 (Tenn. 1960). Thus, the suspension of a beer permit cannot trigger an unconstitutional denial of procedural due process, as appellant urges this Court to find. *Eye Clinic, P.C. v. Jackson-Madison County General Hosp.*, 986 S.W.2d 565 (Tenn. Ct. App. 1998). Moreover, the Supreme Court has previously found that due to the procedural safeguards guaranteed by a *de novo* review in Tenn. Code Ann. §57-5-108(d), notice is not absolutely necessary, nor is the lack thereof fatal to a beer permit revocation. *Richards*. We conclude that this issue is without merit.

The Underground also argues that the beer permit was improperly revoked because there was no substantial and material evidence to provide a basis for revocation. The initial summary revocation was based upon "credible information that the permittee has violated various provisions of Article II of Chapter 4 of the [City] Code, Chapter 24 of the Code, or any other law or ordinance regulating the manufacture, sale, receipt, possession or transportation of intoxicating liquor." While we have not been provided with a copy of the City's ordinance, both parties agree that the provision is set forth in the Code, and the City has, pursuant to its police power, enacted such provision allowing it to summarily suspend beer permits on the above-quoted basis. *See Richards.*

The question thus becomes whether credible information existed. There is nothing in the record to show exactly what information the Beer Board and the City Law Department had been given at the time of the summary suspension. The information that was presented at the subsequent hearing demonstrated that minors had been allowed to enter the Underground without being asked for identification when beer was being served, and the Underground was, by admission, a place where dancing occurred. The Trial Court found the underaged witnesses testimony to be credible, which provided a basis for revocation of the beer permit, based upon the City Code Section 4-40(c) which does not allow beer to be sold where dancing is allowed and minors are allowed to frequent. Where the Trial Judge observes and hears the witness, we defer to his judgment on the issue of credibility. The evidence supports the Chancellor's finding that Section 4-40(c) was violated and forms a valid basis for revoking the Underground's beer permit. We affirm the judgment of the Trial Court revoking the Underground's beer permit.

The cost of the appeal is assessed to the appellant, Underground, Inc., and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, J.