Charlie GIBSON et al., Appellants,

v.

Elvyn Edward FERGUSON, Appellee.

Supreme Court of Tennessee.

Aug. 30, 1976.

James M. Glasgow, Elam, Glasgow, Tanner & Acree, Union City, for appellants.

William J. Stricklin, Union City, for appellee.

OPINION

BROCK, Justice.

The Beer Board of Obion County appeals from the decree of the Chancery Court which granted to the appellee his application for a beer permit. The appellant Board argues that the Chancellor erred in sustaining objection to the introduction of testimony to the effect that rowdiness, "drinking," and, perhaps, unlawful activity was already occurring in the general neighborhood of the proposed location of the

appellee's beer establishment. Since the offered testimony in no way related to the operation of the appellee's business, which had not begun, we think it clear that such testimony was immaterial to any issue in this cause and was properly excluded by the Chancellor. The testimony in question primarily consisted of the expression of the fears, speculations and apprehensions of the witnesses who appeared to have a fixed opinion that the sale of beer is harmful and immoral per se. Such expressions are not material in a case of this kind. *Ewin v. Richardson*, 217 Tenn. 534, 399 S.W.2d 318 (1966).

■ At the hearing, it was shown that the appellee in 1969 was found guilty of "rolling high dice for a Coke" and assessed a fine of $5.00. It was also shown that the appellee, a commercial fisherman, was fined $25.00 in 1970 for "failing to immediately release" 17 bluegill fish. The appellant Board asserts that these two infractions of the law show that the appellee has been convicted of a "crime involving moral turpitude" within the past 10 years which under paragraph 5 of T.C.A. § 57–205 disqualifies him from holding a beer permit. It is unfortunate that the legislature used the language, "crime involving moral turpitude," for it has no satisfactory definition. The phrase is so inexact in meaning that this Court in *State v. Morgan*, 541 S.W.2d 385 (1976) abandoned its use as a criterion for determining which convictions may be inquired of a witness in order to affect his credibility. It has been said that the term moral turpitude refers to an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man or to society in general, contrary to the accepted rule of right and duty between man and man. *Brooks v. State*, 187 Tenn. 67, 213 S.W.2d 7 (1948). In any event, we have no hesitation in holding that neither "rolling high dice for a Coke" nor "failing to immediately release" 17 bluegills constitutes a "crime involving moral turpitude" within the meaning of the beer permit law.

The proposed location of the appellee's place of business is on Tennessee Highway # 22 approximately 9 miles west of Union City, Tennessee. The surrounding area is rural, although there are two residences nearby and a church about .6 of a mile west of the premises. The building is situated on approximately 3 acres of land which fronts 328 feet on the highway and to which access is gained through a 48 foot driveway. From a point directly in front of the appellee's building, an unobstructed view is afforded for a distance of .9 of a mile toward the west and for .2 of a mile toward the east. Appellee's building is situated 85 feet back from the near edge of the highway. The appellee testified that he met all of the requirements set forth in T.C.A. § 57–205 for a permit to sell beer outside of the town or city limits.

Sgt. Kilpatrick of the Tennessee Highway Patrol, called as a witness by the appellant Board, testified that in his opinion the sale of beer at appellee's proposed location would create a traffic hazard. The Chancellor found from all the evidence that the appellee had proven that he met all of the requirements established by T.C.A. § 57–205.

■ The decree of a trial court granting or denying a beer permit comes to this Court accompanied by a presumption of correctness and the burden is on the appellant to show that the evidence preponderates against the judgment of the trial court. *Adams v. Monroe County Quarterly Court*, 214 Tenn. 270, 379 S.W.2d 769, 771 (1964); *Cantrell v. DeKalb County Beer Board*, 213 Tenn. 568, 376 S.W.2d 480 (1964). Having reviewed the record, we are satisfied that the evidence supports the findings and decree of the Chancellor. Appellant places great reliance upon the testimony of Sgt. Kilpatrick that in his opinion appellee's proposed business would create a traffic hazard, but, in our view, this opinion testimony—although not contradicted by an opposing contrary opinion—is not conclusive. Expert opinions, at least when dealing with highly complicated and scientific matters, are not ordinarily conclusive in the sense

that they must be accepted as true on the subject of their testimony, but are purely advisory in character and the trier of facts may place whatever weight it chooses upon such testimony and may reject it, if it finds that it is inconsistent with the facts in the case or otherwise unreasonable. Even in those instances in which no opposing expert evidence is offered, the trier of facts is still bound to decide the issue upon its own fair judgment, assisted by the expert testimony. *Act-O-Lane Gas Service Co. v. Hall*, 35 Tenn.App. 500, 248 S.W.2d 398 (1951). In our view, this is especially true when the opinion, as in this case, amounts to no more than prediction and speculation. The record contains other evidence, including photographs of the highway and plaintiff's proposed place of business, from which the Chancellor could make a finding contrary to the opinion expressed by the Sergeant. Accordingly, the appellant has failed to carry the burden of showing in this Court that the evidence preponderates against the findings and decree of the Chancellor.

The decree of the Chancery Court is affirmed and costs will be paid by the appellants.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.