IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2002 Session

## SHARRON FAYE STINNETT v. DAVID F. FERGUSON

**Appeal from the General Sessions Court, Domestic Relations Division for Blount County**
**No. S-4613     Hon. William R. Brewer, Jr., Judge**

**FILED MARCH 22, 2002**

**No. E2001-02031-COA-R3-CV**

In this divorce action, the issue on appeal is whether the Trial Court placed the correct value on the marital equity in wife's motel property. We affirm the value determined by the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the General Sessions Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Charles H. Child, Knoxville, Tennessee, for Appellant.

Jerry G. Cunningham and Melanie E. Davis, Maryville, Tennessee, for Appellee.

**OPINION**

In this divorce action, the sole issue on appeal by the husband is "whether the Trial Court erred in the equitable division and valuation of the real property".

The parties were married in April of 1992, and at some point in 1990 or 1991 they discussed plans to purchase the property and business known as Dock's Motel, in Townsend, Tennessee, owned by the wife's mother. At that time the property had a thirteen unit motel office/residence, some rental trailers and farm house and rental lodge. Before the marriage and purchase the husband, in agreement with the wife, began construction of cabins on the property. Four "small" cabins were constructed to completion, and the foundations laid for four more "large" cabins before the sale of the property to the wife for $221,300.00 from her mother in February of 1992. The remaining cabins were completed in 1993, and the parties separated in July of 1996.

The husband testified that he had invested $247,000.00 of his own funds in material costs for the construction of the cabins, and that he had also worked in other aspects of upkeep and maintenance of the property. He introduced a written appraisal which placed the overall value of the motel property at $575,000.00.[1]

The wife contends that the improvements to the property before the marriage should not count as contributions for preservation or appreciation of the property, and in her testimony implied that the purchase price was on the low side because she had purchased the property from her mother. The mortgage balance at the time of trial was approximately $190,000.00. Further, the wife testified the cabins were of poor quality and had deteriorated and will require major expenditures to repair.

The Trial Court ruled that the property and business was the wife's separate property, which is not contested on appeal. He further found that the husband had invested personal funds prior to the marriage without any agreement as to what, if anything, he would gain from it, and the Court in its Opinion stated:

> It is the Court's opinion that this property is neither as valuable as the Defendant says, nor as cheap as the Plaintiff says. . . . It is further the Court's opinion that the marital equity in this property is $200,000.00. It is further the Court's opinion that an equitable distribution of the marital equity should be an equal one; therefore, the Defendant shall be entitled to $100,000.00.

The Trial Court has broad discretion in dividing marital estates, and its judgment is given great weight on appeal. *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990).

Appellant is seeking to recover all monies he expended to improve the Dock's Motel property on a dollar for dollar basis, both prior to and during the marriage. We have held that it is not appropriate to analyze land and improvements thereon as separate distinct entities for marital distribution purposes. Rather, the property must be evaluated for its worth as a whole. *Denton v. Denton*, 33 S.W.3d 229, 235 (Tenn. Ct. App. 2000). In *Wallace v. Wallace*, 733 S.W.2d 102 (Tenn. Ct. App. 1987), we said that the value of marital property is a question of fact and:

> The value of a marital asset is determined by considering all relevant evidence regarding value. The burden is on the parties to produce competent evidence of value, and the parties are bound by the evidence they present. Thus the Trial Court, in its discretion, is free to place a value on a marital asset that is within the range of the evidence submitted.

---

[1]The parties stipulated the document could be filed in evidence.

The husband argues that since he presented the only expert as to the value of the motel, this Court should accept that expert's opinion as to the value of the property. It is clear, however, that a court is not bound to accept an expert's opinion of value, even if no opposing expert is offered. *Gibson v. Ferguson*, 562 S.W.2d 188 (Tenn. 1976).

In this case, the Trial Court had the opportunity to observe the parties and witnesses and its resolution of any conflict in the testimony that rests on credibility is entitled to great weight. *Smith v. Smith*, 912 S.W.2d 155, 157 (Tenn. Ct. App. 1995). The testimony of the husband was subject to the Trial Court's credibility evaluation. He could not document all of the sums he claims to have spent on the cabins, there were inaccuracies in the records he kept, as well as the figures used by his accountants, and while there were discrepancies in the wife's testimony, the Trial Court was the judge of the credibility of the evidence.

The evidence does not preponderate against the Trial Judge's establishing $200,000.00 as the value of the marital equity, and the award of half of this increase in value to the husband was appropriate.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to David F. Ferguson, III.

_____
HERSCHEL PICKENS FRANKS, J.

-3-