IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2004 Session

**JANICE FORSYTH, ET AL. v. MARY N. CROSS**

**Appeal from the Chancery Court for Morgan County**
**No. 02-29      Frank Williams III, Chancellor**

**FILED FEBRUARY 25, 2004**

**No. E2003-01338-COA-R3-CV**

---

This is a boundary-line case. The Defendant's survey evidence was excluded, and reputation evidence offered by the Plaintiff as to the common boundary line was admitted. Defendant appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

James Frank Wilson, Wartburg, Tennessee, Attorney for Appellant, Mary N. Cross.

Joe R. Judkins, Wartburg, Tennessee, Attorney for Appellees, Janice Forsyth and Paul Forsyth.

**OPINION**

**I.**

The Defendant and her deceased husband acquired a farm in 1972, adjoining the land of the Plaintiffs. Litigation later arose between the parties concerning the location of the boundary between the respective tracts. Numerous witnesses testified, including surveyor Lackey who surveyed the affected properties and described the location of the disputed line. He conducted an extensive search of records and made an exhaustive investigation of the affected lands and the reputation in the community of the precise location of the disputed boundary. From his records search, his field examination, and his investigation of the reputational location of the boundary, he was able to survey the boundary. Kevin Walls, the Plaintiffs Janice Forsyth and Paul Forsyth, and an adjoining landowner Thomas Kring, all testified, without objection, that the reputation of the boundary was consistent with the survey by Mr. Lackey.

During the pendency of this action, the Defendant employed Noel Peterson as a surveyor. He did not immediately survey the property because the Defendant apparently intended to rely on

the equitable defense of adverse possession. This reliance fell through, and Mr. Peterson surveyed the Defendant's land in January 2003, completing it on February 3, 2003, the day before trial of the case. He was the principal witness for the Defendant; we are frank to state that his testimony is convoluted to an unusual extent, requiring 130 pages of transcript and frequently involving responses several pages in length. The thrust of Mr. Peterson's testimony is that the land on which the boundary is located is owned by the Defendant.

## II.

The Chancellor found from a preponderance of the proof that the disputed boundary is the line described in the survey of Mr. Lackey, and rendered judgment for the Plaintiffs. The Defendant appeals, and presents for review the issues of whether the Chancellor erred in (1) excluding the Defendant's survey; (2) the admission of reputational evidence of the common boundary line; (3) in admitting statements in ancient documents. Our review is *de novo* on the record with a presumption of the correctness of the judgment as to factual matters unless the evidence otherwise preponderates, Rule 13(d) Tenn. R. App. P.

## III.

The Defendant's surveyor, Mr. Peterson, presented a survey on the day of trial. Plaintiffs objected to this survey because of its lateness. The Defendant responded that the remedy available to the Plaintiffs was to seek a continuance. The Chancellor declined to order a continuance because the case had been previously continued, but reserved a ruling on the motion to exclude the Defendant's survey. The surveyor, Mr. Peterson, testified, as we have shown, but his actual survey was excluded for the reasons that the Defendant had one year within which to arrange a survey and the unfairness of allowing the introduction of a survey completed on the day of trial was manifest. In any event, the Chancellor commented that he had considered the testimony and contentions of Mr. Peterson, all of which he rejected. The trial judge has the prerogative of accepting the testimony of one expert as contrasted to another. *See, Roberts v. Roberts*, 827 S.W.2d 788 (Tenn. Ct. App. 1991); *Sct-O-Lane Gas Service v. Hall*, 248 S.W.2d 398 (Tenn. Ct. App. 1951); *Gibson v. Ferguson*, 562 S.W.2d 188 (Tenn. 1976).

## IV.

The Defendant-Appellant complains of the admission of reputational evidence concerning the disputed boundary. A number of witnesses testified that the boundary as found by surveyor Lackey had a long-standing reputation as such. This testimony was not objected to and the issue cannot be considered on appeal. In any event, Tennessee Rules of Evidence 803(20) describes a hearsay exception: "Reputation in a community, arising before the controversy and existing thirty years, as to the boundaries of or customs affecting lands in the community." This Rule of Evidence clearly permitted the testimony questioned on appeal.

## V.

Certain ancient documents were considered by the Plaintiffs' surveyor during his investigation of the location of the disputed boundary. It is apparent that the use and utility of these documents were of minimal value in the case, but the Defendant made no objections to the introduction of these documents and cannot now be heard to complain. In any event, Tennessee Rules of Evidence 803(16) permits the consideration, as an exception to the hearsay rule, of statements in a document in existence thirty years or more purporting to establish or effect an interest in property, the authenticity of which is established.

The judgment is affirmed at the costs of the Appellant, Mary N. Cross.

_____
WILLIAM H. INMAN, SENIOR JUDGE