IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2005 Session

## LINDA KISSELL d/b/a FULL MOON SPORTS BAR AND DRIVING RANGE v. McMINN COUNTY COMMISSION, ET AL.

**Chancery Court for McMinn County**
**No. 22093   Jerri S. Bryant, Chancellor**

---

**No. E2004-02938-COA-R3-CV - FILED AUGUST 19, 2005**

---

Charles D. Susano, Jr., concurring.

I agree with the result reached by the majority. I write separately to point out that the applicable statute, Tenn. Code Ann. § 57-5-105, expressly provides that an application for a beer permit "shall disclose" that "no . . . person to be employed . . . has been convicted of any violation of the laws [pertaining to beer or other alcoholic beverages] or *any crime involving moral turpitude* within the past ten (10) years." Tenn. Code Ann. § 57-5-105(c)(7). In addition to this requirement pertaining to the contents of the *application*, Tenn. Code Ann. § 57-5-105(b), dealing with what "an applicant must establish," contains a *proof* requirement using the same language. *See* Tenn. Code Ann. § 57-5-105(b)(4).

It is sometimes difficult to determine whether an offense involves "moral turpitude" or not. *See Gibson v. Ferguson*, 562 S.W.2d 188, 189 (Tenn. 1976). For this reason, a question on an application that uses phraseology such as that now before us – "any crime (other than minor traffic violations)" – while broadly stated, is an appropriate question to "flesh out" *all* crimes that do not fall within the category of minor traffic violations. Then, equipped with the knowledge of all such offenses, a governmental entity can determine whether any of these crimes involve moral turpitude. If the question is phrased in the language of the statute, *i.e.* "moral turpitude," such a question will frequently require a lay person to decide what is essentially a legal question. It is more appropriate for this judgment to be made by the governmental body, with the advice of its counsel, rather than by an applicant, who may or may not have the assistance of counsel. While most laymen understand the concept of a "crime" and the concept of "minor traffic violations," the same cannot be said of the concept of "moral turpitude."

The answer to the subject question in this case was admittedly false. The statutory penalty for making a false statement is "forfeit[ure]" of the permit. Tenn. Code Ann. § 57-5-105(d). I

disagree with the appellant's argument that the language – "shall forfeit such applicant's permit" – means that this section only applies to an applicant who *already* has a permit. *The statutory scheme as reflected in Tenn. Code Ann. § 57-5-105 applies to anyone seeking a beer permit.* This being the case, I cannot interpret the "forfeit[ure]" language as *only* applying to one who already holds a beer permit. While the subject language, viewed in a vacuum, arguably could be construed as suggested by the appellant, the wording must be read in the context of a statutory scheme that pertains broadly to *all* beer permit applications. Furthermore, it is a strained construction of the statute to construe it as providing for a 10-year prohibition against eligibility for a beer license for one seeking a renewal of a beer permit, and *no* penalty for a false statement on an initial application. In the absence of an express statement in the statute setting forth such a dichotomy, I decline to read the statute as urged by the appellant.

The McMinn County Commission acted within its statutory authority when it denied the appellant's request for a beer permit. I agree with the majority that the appellant failed to act "promptly" to correct her false statement. *See* Tenn. Code Ann. § 57-5-105(c)(9). A change in the trial court of what was admittedly a false statement before the Commission comes too late.

I concur.

_____
CHARLES D. SUSANO, JR.